UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN E. CHEN,

                Petitioner,

   - against -

WARDEN, MDC BROOKLYN,

                Respondent.
------------------------------------------------------------X

MEMORANDUM AND ORDER
12-CV-4405 (RRM)(LB)
12-CV-4772 (RRM)(LB)
12-CV-4908 (RRM)(LB)
13-CV-221 (RRM)(LB)
13-CV-547 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Petitioner John E. Chen, a federal prisoner appearing *pro se*, has filed multiple petitions seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Initially, in 2012, petitioner filed six petitions, docketed as 12-CV-4405, 12-CV-4657, 12-CV-4658, 12-CV-4659, 12-CV-4772, and 12-CV-4908.  Because petitioner essentially made only three distinct claims – the reinstatement of good time credit, inadequate medical treatment, and the opening of his legal mail – this Court consolidated these six petitions into three, docketed as 12-CV-4405, 12-CV-4772, and 12-CV-4908.  (*See* Order dated Nov. 5, 2012, 12-CV-4908 (Doc. No. 5); Order dated Nov. 5, 2012, 12-CV-4772 (Doc. No. 6).)  Respondent filed an omnibus opposition to these petitions, (Ltr. Br. filed Nov. 30, 2011, 12-CV-4472 (Doc. No. 7)) and petitioner filed a letter in reply.  (Ltr. dated Dec. 11, 2012, 12-CV-4472 (Doc. No. 10).).

      Subsequently, in 2013, petitioner filed two additional habeas petitions alleging problems with e-mail delivery, hot water, and the availability his unit's inmate phone.  (*See* Habeas Pet., 13-CV-221 (Doc. No. 1); Habeas Pet., 13-CV-547 (Doc. No. 1).)  Respondent filed an omnibus opposition to these two new petitions on April 2, 2013.  (Ltr. Br. filed Apr. 2, 2013, 13-CV-221 (Doc. No. 6).)  Petitioner submitted a letter in reply reiterating his complaint regarding e-mails

and conceding that at least one of his habeas petitions is moot. (Ltr. dated Apr. 12, 2013, 13-CV-547 (Doc. No. 7).)

For the reasons set forth below, these petitions are dismissed.

## DISCUSSION

### I. Mootness

On February 11, 2013, petitioner advised the Court that he was transferred from the Brooklyn Metropolitan Detention Center ("MDC") to Allenwood Penitentiary. (Pet. Ltr. filed Feb. 11, 2013, 13-CV-221 (Doc. No. 5).) With the exception of his petition seeking reinstatement of good time credit, all of petitioner's requests seek injunctive relief to remedy certain conditions of his confinement at the MDC. These requests are now moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (affirming dismissal of a prisoner's claims for kosher food and access to the prison library because he had been transferred to a different facility).

Accordingly, because petitioner's requests in petitions docketed as 12-CV-4772, 12-CV-4908, 13-CV-221, and 13-CV-547are all moot, these claims are dismissed.[1]

### II. Failure to Exhaust

Petitioner also requests reinstatement of good time credit in the petition docketed as 12-CV-4405. Unlike petitioner's other claims relating to the conditions of his confinement at the MDC, this claim is not moot as a result of his transfer to a different facility because it relates to

---

[1] Briefly, these petitions seek the following relief: to order the MDC to provide his medication at 7:15 a.m. daily, to order the MDC to stop opening his legal mail, to order the MDC to provide him with an "AIC Blood Test," to order the MDC to provide him with prescription eyeglasses, to order the MDC to provide hot water for showers, to order the MDC staff to stop turning off the inmate phone in his unit, and to order the MDC to fix delays to his e-mail

2

the duration of petitioner's custody. Petitioner specifically alleges that on November 17, 2011, he had a "verbal argument" with another inmate, and that after the other inmate struck petitioner "on the face with a closed fist," petitioner "grab[bed] him and struck him back with a closed fist." (Habeas Pet., 12-CV-4405 (Doc. No. 1) at 1.) After the incident, petitioner was the subject of a disciplinary hearing at which he waived his right to a staff representative; acknowledged that his due process rights were read to him and that he understood those rights; and confirmed that he had no documentary evidence or witnesses to present. The hearing officer found, based on video evidence and a written report of the incident from the reporting officer, that petitioner and another inmate "had a verbal argument" that escalated into an exchange of blows with closed fists; as punishment, petitioner lost 27 days of good time credit. (Discipline Hr'g Officer Rpt, 12-CV-4405 (Doc. No. 1).)

Petitioner submitted, as attachments to his habeas petition, records from the Bureau of Prisons ("BOP") computerized database relating to his appeal of the hearing officer's decision. (*See* Attachments to Habeas Pet., 12-CV-4405. (Doc. No. 1).) These records indicate that the hearing officer's report was delivered to petitioner on December 7, 2011, and that petitioner was advised that he had twenty days to appeal. (*Id*.) They further show that petitioner failed to timely appeal that decision: his appeal was not submitted until January 4, 2012, eight days after the appeal deadline. (*Id*.) Petitioner has not provided any excuse for failing to submit his appeal within the time allowed.[2] The records also indicate that his subsequent appeals to the Regional Office, on January 27, 2012, March 28, 2012, June 8, 2012, and June 21, 2012, as well as his appeal to the Central Office on July 2, 2012, were all rejected based on his untimely filed first appeal and therefore not considered on the merits.

---

[2] The records indicate that petitioner was provided an incorrect form for his appeal, but petitioner makes no allegations as to why his appeal, even though made with the incorrect form, was not timely submitted. (Doc. No. 1.)

3

Respondent argues that petitioner failed to properly exhaust this claim and that it must be dismissed. (Ltr Br. dated Nov. 30, 2011, 12-CV-4472 (Doc. No. 7) at 3–4.) The Court agrees.

Generally, federal prisoners may not file petitions for a writ of habeas corpus under § 2241 without first exhausting all available administrative remedies. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). The BOP has a three-tiered administrative remedy system to "allow[] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *Macias v. Zenk*, 495 F.3d 37, 42 (2d Cir. 2007) (quoting 28 C.F.R. § 542.10(a)). Administrative grievance procedures for federal inmates are set forth in 28 C.F.R. §§ 542.10–19.

Here, although petitioner pursued administrative remedies at the Regional Office and Central Office, the undisputed facts, taken from the BOP's computerized database records that petitioner himself attached to his habeas petition (Habeas Pet., 12-CV-4405 (Doc. No. 1)), reflect that petitioner did not properly exhaust his administrative remedies because he filed his first appeal eight days after the appeal deadline had past. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("To . . . 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies . . . ." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in original)). Indeed, "because [petitioner]'s submissions were all denied on timeliness grounds and the BOP did not 'address[ ] the issues on the merits,' plaintiff failed to 'properly' exhaust his administrative remedies." *Ford v. Spears*, 10-CV-1314, 2012 WL 4481739, at *6 (E.D.N.Y. Sept. 27, 2012) (citing *Woodford v. Ngo*, 548 U.S. at 91); *see also Gordon v. Lappin*, 07-CV-10948, 2008 WL 4179233, at *3 (S.D.N.Y. Sept. 10, 2008) (holding that petitioner, whose appeal was "twice rejected for procedural defects . . . has failed to exhaust BOP administrative

4

remedies and has procedurally defaulted because the time for him to file his appeal . . . has passed").

Moreover, petitioner has not shown any cause or prejudice regarding this default. *See Carmona v. U.S. Bureau of Prisons,* 243 F .3d 629, 630 (2d Cir. 2001) ("[A] federal prisoner who defaults in pursuit of his administrative remedies will . . . be denied habeas review absent a showing of cause and prejudice.").

Thus, because petitioner failed to timely file his appeal and has not shown cause or prejudice for this default, his claim for good time credit was not properly exhausted and is dismissed.

## CONCLUSION

Accordingly, it is hereby ORDERED that petitioner's habeas corpus petitions, docketed as 12-CV-4405, 12-CV-4772, 12-CV-4908, 13-CV-221, and 13-CV-547, are DENIED in their entirety, and the petitions are DISMISSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to dismiss the petitions, enter judgment accordingly, send to petitioner a copy of this Memorandum and Order and the accompanying judgment, and close these cases.

SO ORDERED.

Dated: Brooklyn, New York
      July 1, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

5